IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HOWARD JOE SMITH, | : | |
| Plaintiff | : | |
| VS. | : | |
| LOWNDES COUNTY JAIL, | : | NO. 7:13-CV-16 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **HOWARD JOE SMITH**, an inmate at the Douglas County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff also filed a request to proceed *in forma pauperis* (Doc. 2). Solely for purposes of the Court's dismissing this action, leave to proceed IFP is hereby **GRANTED**.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v.***

---

[1] Plaintiff initially filed his complaint in the Northern District of Georgia, which Court transferred the case to the Southern District of Georgia, which in turn transferred it to this District.

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See***

*also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

Plaintiff complains about the conditions of his confinement at the Lowndes County Jail ("LCJ") during September and October 2012. Among Plaintiff's allegations are that water leaked into his cell, his sink did not work and he had no water to drink, and raw sewage was "in some rooms and in shower." Plaintiff's only named Defendant is the Lowndes County Jail.

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care. ***Hudson v. McMillan***, 503 U.S. 1, 8-9 (1992).[2] The Supreme Court has made it clear, however, that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. ***Farmer v. Brennan***, 511 U.S. 825, 834 (1994). "A plaintiff seeking to show unconstitutional conditions must clear a 'high bar' by demonstrating '*extreme* deprivations.'" ***Ellis v. Pierce County, GA***, 415 F. App'x 215 *1 (11th Cir. Feb. 24, 2011) (quoting ***Chandler v. Crosby***, 379 F.3d 1278, 1298 (11th Cir. 2004)).

---

[2] It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner during his stay at the LCJ. This distinction is irrelevant, however, as the Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." ***Hamm v. DeKalb Co.***, 774 F.2d 1567, 1574 (11th Cir. 1985); *see also **Aldridge v. Montgomery***, 753 F.2d 970, 972 (11th Cir. 1985).

It is not necessary for this Court to determine whether Plaintiff has alleged sufficiently serious conditions to constitute deliberate indifference. Plaintiff's complaint must be dismissed because he has not named a proper Defendant. The LCJ is not considered a legal entity amenable to suit. *Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law").

Based on the foregoing, the instant lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 26th day of FEBRUARY, 2013.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr